**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FERNANDO NUÑEZ,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-14-0727** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **CO WERTZ,** *et al.*, : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

Presently before the Court is Defendants' Partial Motion to Dismiss Mr. Nuñez's Complaint. (Doc. 11.) In his opposition brief, Fernando Nuñez, proceeding *pro se* and *in forma pauperis,* seeks leave to file an amended complaint to rectify the identified deficiencies of his Complaint. (Doc. 25, ECF pp. 6 - 7.)

The filing of an Amended Complaint is governed by Fed. R. Civ. P. 15(a):

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  Based on the procedural history of this case, Mr. Nuñez may file an amended complaint as a matter of course.

If Mr. Nuñez decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint."  In addition, the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Mr. Nuñez is advised that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits."  M.D. Pa. LR 15.1.  His amended complaint may not incorporate by reference his original complaint.  Consequently, all causes of action alleged in the original complaint which are not alleged in the amended complaint are waived.

Mr. Nuñez is also advised that his amended complaint must be concise and direct.  *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements.  *Id.*  The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).  Mr. Nuñez must also specify the relief he seeks with regard to each claim.  Finally, Mr. Nuñez is

cautioned that his amended complaint must be legible.  If printing his amended complaint by hand, he should double space his text and write as clearly as possible. Illegible documents will be returned without any action being taken on them.

     Mr. Nuñez's failure to file an appropriate amended complaint within the required time will result in this action proceeding on his original complaint (Doc. 1).

     An appropriate order follows.

                                       /s/ A. Richard Caputo  
                                        A. RICHARD CAPUTO  
                                        United States District Judge

**Date: March  18   , 2016**