**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FERNANDO NUNEZ,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-14-0727** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **CO WERTZ,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**I.    Introduction**

Pending before the Court are two motions filed by Mr. Nuñez seeking reconsideration of the Court's Order granting Defendants' Britton, Hazlett and Wertz' motion to stay discovery pending the court's resolution of their motion to dismiss. (Docs. 28 and 31.)  A third motion, seeking an enlargement of time to provide the Court with the appropriate information to effectuate service on the "Householder Brothers" (Doc. 30) relates, in part, to Mr. Nuñez's motion for reconsideration of the order to stay discovery.

For the reasons that follow, Mr. Nuñez's motion for reconsideration will be denied.  However, to the extent possible, defense counsel shall provide Mr. Nuñez with the names of the Property Officers who signed his Inmate Personal Property Inventory Sheet on November 6, 2011 and November 14, 2011.  *See* Doc. 30 and Doc. 19-2, ECF p. 3.

## II. Background

Fernando Nunez, filed this civil rights action on April 8, 2014. (Doc. 1.) In his Complaint Mr. Nunez alleges, *inter alia*, that Wertz and Hazlett in the presence of Britton, confiscated and destroyed his legal materials, and consequently interfered with his access to the courts, in retaliation for his filing of prison grievances. He also claims that Wertz "trashed his cell" and defamed his character by calling him a "snitch" in retaliation for his filing of grievances. Other Pennsylvania Department of Corrections (DOC) defendants are alleged to have searched his cell under false pretenses in retaliation for filing grievances about the unsanitary conditions of the dining hall. Nunez claims he was forced to breathe "metallic fumes" while the prison's dining hall was being renovated. Nunez's final claim is that Fisher, aware of these various nefarious actions, failed to intervene but instead arranged to Nunez to be transferred to another correctional facility further away from his home, away from his high-paying prison job and vocational trade. (*Id*.)

On May 5, 2014, the Court entered an order directing service of the Complaint on the named defendants. (Doc. 7.) On July 25, 2014, the Waiver of Service directed to "the Householder Brothers" was returned unexecuted with the notation "unable to serve." (Doc. 9.) The DOC defendants filed a partial motion to dismiss the complaint. (Doc. 11.) Upon the request of the defendants, discovery was stayed pending resolution of their partial motion to dismiss. (Docs. 21 and 27.)

On August 24, 2014, Mr. Nuñez was directed to provide the Court with sufficient information for the Marshal to effect service on the Householder Brothers. (Doc. 13.) At Mr. Nuñez's request, he was granted until October 30, 2014, to

-2-

provide the relevant information.  (Doc. 20.)   On October 30, 2014, Mr. Nuñez filed a second request for enlargement of time to provide the needed information to served the Householder Brothers.  (Doc. 30.)  His request for additional time is based on his need for defendants to decipher the name of the Property Officers who signed his Inmate Personal Property Inventory Sheet on November 6, 2011 and November 14, 2011.  *See* Doc. 30 and Doc. 19-2, ECF p. 3.

Recently the Court dismissed without prejudice the Defendants' Partial Motion to Dismiss based on Mr. Nuñez's desire to file an Amended Complaint. Presently there is no standing complaint in this action.

**III.    Standard of Review**

The court's order to stay discovery as to Britton, Hazlett, Werts, Eichenlaub and Fisher is interlocutory.  *See* Fed. R. Civ. P. 54(a) and (b).  As an interlocutory order, it is subject to revision "when consonant with justice to do so." *See United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *Gridley v. Cleveland Pneumatic Co.*, 127 F.R.D. 102, 103 (M.D. Pa. 1989) (quoting *Jerry*); *Philadelphia Reserve Supply Co. v. Nowalk & Associates, Inc.*, 864 F. Supp. 1456, 1460-61 (E.D. Pa. 1994).  *See also Gallant v. Telebrands Corp.*, 35 F. Supp. 2d 378, 394 (D. N.J. 1998).

**IV.    Discussion**

"A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore may be decided on its face without extensive factual development." *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010). Motions to dismiss "should typically be resolved before discovery begins." *Levey v. Brownstone Inv. Group, LLC*, No. 13-3251, 2014 WL 5369394, *4 (3d Cir. Oct. 23, 2014). Here, when the Court stayed discovery in this matter, Defendants had filed a partial motion to dismiss the Complaint. In response to the motion, Mr. Nuñez requested leave to file an amended complaint. The Court has dismissed the Defendants' partial motion to dismiss without prejudice to allow Mr. Nuñez to file an amended complaint.

At this point, as there is no standing complaint to define the scope any discovery relevant to these proceedings. Furthermore, as with his original Complaint, his amended complaint will be subject to testing for legal sufficiency by the Court pursuant to 28 U.S.C. § 1915, and the Defendants pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, based on the procedural posture of this case, that being Mr. Nuñez has yet to file his amended complaint, his motion for reconsideration of the Court's order granting Defendants' Stay of Discovery (Docs. 21 and 27) is denied. However, given his *pro se* status and his obligation to provide the Court with accurate information so the Court may serve the Householder Brothers, the Court will grant his limited request to have Defendants decipher the names of the officers who signed his Inmate Personal Property Inventory Sheet on

November 6, 2011 and November 14, 2011.  *See* Doc. 30 and Doc. 19-2, ECF p. 3.

      An appropriate Order follows.


                                  **/s/ A. Richard Caputo**
                                  **A. RICHARD CAPUTO**
                                  **United States District Judge**


Date: March 18, 2016