**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FERNANDO NUÑEZ,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-14-0727** |
| v. | : | |
| | : | **(Judge Caputo)** |
| **CO WERTZ,** *et al.*, | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**I.   Introduction**

Presently before the Court is Mr. Nuñez's Motion for Appointment of Counsel (ECF No. 73) pursuant to 28 U.S.C. § 1915(e)(1).  For the reasons set forth below, the motion will be denied.

**II.   Background**

Plaintiff Fernando Nuñez, a state inmate presently housed at SCI-Somerset, filed this action on April 8, 2014, concerning a series of events that transpired while housed at SCI-Smithfield.  (ECF No. 1, Compl.)  After Defendants filed a partial motion to dismiss, Mr. Nuñez sought leave to file an Amended Complaint.  On May 18, 2016, Mr. Nuñez filed an Amended Complaint.  (ECF No. 40.)

Mr. Nuñez claims SCI-Smithfield prison officials violated his First Amendment rights to freedom of religion and the Religious Land Use and Institutionalized Persons Act when they denied his right to cuff his pant legs above his ankles at all times;

interfered with his access-to-courts; broke his typewriter in retaliation for threatening to file a grievance; conducted a retaliatory search of his cell; failed to protect him from harm after calling him a "snitch"; forced him to eat in a cold and unsanitary dining area. (*Id*.)

The Defendants have filed a motion to dismiss the Amended Complaint. (ECF No. 47.) On December 6, 2016, Mr. Nuñez filed an opposition brief. (ECF No. 69.)

Mr. Nunez filed his motion for appointment of counsel on May 22, 2017. (ECF No. 73.)

**III. Standard of Review**

Although prisoners have no constitutional or statutory right to the appointment of counsel in a civil case, the Court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1); *see also Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).

In its decision, the *Tabron* Court announced the factors to be considered by a district court when deciding whether to exercise its discretion and appoint counsel for an indigent litigant in a civil case. Initially, "the district court must consider as a threshold the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, or course, a significant factor that must be considered in determining whether to appoint counsel." *Id*. at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is

incapable of presenting his or her own case ... and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." *Id*.

In addition to the indigent plaintiff's ability to present his or her case, *Tabron* requires the district court to consider the following additional factors: (1) the difficulty of the particular legal issues; (2) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (3) the plaintiff's capacity to retain counsel on his own behalf; (4) the extent to which a case is likely to turn on credibility determinations; and (5) whether the case will require testimony from expert witnesses. *Id. at* 155 - 57. However, while these factors are meant to guide the Court in making its determination, they are not exhaustive and the Court may consider any other factor it deems relevant. *Id*. at 157. Moreover, it is noted that appointment of counsel under § 1915(d) may be made by the court *sua sponte* at any point in the litigation. *Id*. at 156.

Finally, district "courts have no authority to compel counsel to represent an indigent civil litigant," *id*. at 157 n. 7, and courts are cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such assignments. *Id.* at 157.

**IV.    Discussion**

Applying the relevant *Tabron* factors in this case, the appointment of counsel is not warranted at this time.

Presently discovery is stayed pending the Court's resolution of Defendants' motion to dismiss. Until then, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel. Thus far Mr. Nuñez has successfully initiated this action as well as filing an amended complaint. Notably he filed his request for counsel several months following his forty page brief in opposition to Defendants' motion to dismiss. Mr. Nuñez' motion is based, in part, on his indigent status. He also alleges that his is unlettered in the law and that his efforts to obtain *pro bono* counsel have been unsuccessful. (ECF No. 73.)

Upon consideration of these facts and Mr. Nuñez's filings to date, the Court finds that he has demonstrated an ability to understand and communicate clearly in English. Further, his arguments are logical and straightforward in their presentation. He does not suggest, or provide other documentation, that he presently suffers from any impediment unusual to other *pro se* prisoner litigants before this Court. To the extent that Mr. Nuñez's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this Court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). There is no evidence, at this point in the litigation, that any prejudice will befall Mr. Nuñez in the absence of court appointed counsel. Consequently, Mr. Mr. Nuñez's request for counsel will be denied without prejudice.

Should future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a motion properly filed.

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: August 9, 2017**