IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FERNANDO NUÑEZ,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-14-0727** |
| v. | : | |
| | : | **(Judge Caputo)** |
| **CO WERTZ,** *et al.,* | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

## I. Introduction

Presently pending before the Court is Mr. Nuñez's second motion for appointment of counsel. (ECF No. 85.) For the reasons set forth below, the motion will be denied.

## II. Discussion

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456 – 57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). "Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present facts and

legal issues to the court in a complex but arguably meritorious case.'" *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)) (emphasis in original).

"[V]olunteer lawyer time is a precious commodity", *Montgomery*, 294 F.3d at 499, so the decision to recruit counsel for an indigent prisoner should be exercised "discerningly." *Id.* at 505 n.10. The United States Court of Appeals for the Third Circuit has provided guidance for the exercise of the district court's discretion in this regard. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499. A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)) (internal quotation marks and brackets omitted). If the threshold requirement is met, the Court then considers a number of factors established by the United States Court of Appeals for the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include:

(1) the plaintiff's ability to present his own case;

(2) the difficulty of the particular legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

(4) the plaintiff's capacity to retain counsel on his own behalf;

(5) the extent to which a case is likely to turn on credibility determinations; and

>             (6)     whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155 - 57.  The plaintiff's ability to present a case is "[p]erhaps the most significant" consideration and depends on factors such as "the plaintiff's education, literacy, prior work experience, and prior litigation experience … along with a plaintiff's ability to understand English …[and] the restraints placed upon a prisoner plaintiff by confinement."  *Montgomery*, 294 F.3d at 501 (internal quotation marks and citations omitted).

Here, Mr. Nuñez seeks the appointment of counsel based on his placement in a level 5 housing unit, his on-going mental health issues, and a recent six day stay in a Psychiatric Observation Cell (POC).  Importantly, Plaintiff does not suggest his mental health diagnoses are new.  While he states he is "heavily medicated" for psychiatric diagnoses "which make it difficult for him to concentrate and think", his communications and filings with the Court over the past three years do not bear witness to the alleged impact of his mental health problems on his ability to represent himself.  Moreover, Mr. Nuñez's argument that his "mental illnesses are clearly disabilities under Title II of the Americans with Disabilities Act (ADA)" are unsupported.  Plaintiff provides no medical evidence to support his mental incapacity.  Again, his organized and coherent arguments in support of his Complaint do not support a finding that Plaintiff cannot represent himself in this matter due to his mental health issue or medications.

Accordingly, Plaintiff's second motion for appointment of counsel will be denied.

An appropriate order will follow.

**DATE:  October 19, 2017**          **/s/ A. RICHARD CAPUTO**
                                       **A. RICHARD CAPUTO**
                                       **United States District Judge**