# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO NUÑEZ, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 3:CV-14-0727 |
| v. | : | |
| | : | (Judge Caputo) |
| CO WERTZ, *et al.*, | : | |
| Defendants | : | |

# M E M O R A N D U M

## I. Introduction

Presently before the Court is Mr. Nuñez's motion to compel Defendant Klopotoski to provide answers to outstanding discovery. (ECF No. 91.) Plaintiff also seeks sanctions pursuant to Federal Rule of Civil Procedure 37 due to defense counsel's failure to adhere with this Court's September 5, 2017 order lifting the stay of discovery and directing Defendants to respond to Mr. Nuñez's outstanding discovery requests within thirty days. Defendants opposed the motion noting that prior to Mr. Nuñez filing his motion to compel they were unaware of outstanding discovery with respect to Defendant Klopotoski. In addition, Defendants contend the grant of a motion to compel is unnecessary, as Defendant Klopotoski would respond to Mr. Nuñez's discovery by November 22, 2017. (ECF No. 98.) Mr. Nuñez counters that defense counsel should be sanctioned for misleading the Court, as she was aware of Defendant Klopotoski's

obligation to respond to the discovery when she sought to stay his responses in July 2016. *See* ECF No. 52, p. 2 and ECF No. 104.[1] The motion is now ripe for disposition.

For the reasons that follow, the motion to compel and motion for sanctions will be denied.

II. **Standard of Review**

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This scope formally included matters that were "reasonably calculated" to lead to the discovery of relevant evidence, but Rule 26 as amended, no longer includes this language. A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and, the fact is of consequence in determining the action." Fed. R. Evid. 401. The scope and conduct of discovery are within the sound discretion of the trial court. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003); *see also McConnell v. Canadian Pacific Realty Co.*, 280 F.R.D. 188, 192 (M.D. Pa. 2011) ("Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment.").

Federal Rules of Civil Procedure 33 and 34 provide that a party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections, if any, to such discovery requests within thirty

---

[1] Mr. Nuñez filed his reply brief on November 22, 2017. (ECF No. 104.) Importantly, neither party advises the Court whether Defendants fulfilled their discovery obligations on November 22, 2017. Accordingly, Defendants will be directed to file a copy of their Certificate of Service accompanying their discovery responses for Defendant Klopotoski with the Court.

days after the service of the requests. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). A shorter or longer time may be directed by court order or by stipulation of the parties. (*Id*.; *see also* Fed. R. Civ. P. 29.)

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. Under Rule 37(a), a party may file a motion to compel discovery when the opposing party fails to respond or provides incomplete or evasive answers to properly propounded document request or interrogatories. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii - iv). Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

### III. Relevant Procedural History

Mr. Nuñez commenced this action on April 15, 2014. (ECF No. 1.) Defendants filed a timely motion to dismiss. (ECF No. 11.) Prior to filing a response to Defendants' motion, Mr. Nuñez served interrogatories on Defendants Britton, Hazlett and Wertz. (ECF No. 16.) Defendants' motion to stay their obligation to respond to this discovery pending the resolution of their motion to dismiss was granted on September 30, 2014. (ECF No. 21.) On October 8, 2014, Defendants filed a second motion to stay discovery with respect to interrogatories served on Defendants Fisher and Eichenlaub pending disposition of their motion to dismiss. (ECF No. 23.) The Court granted Defendants'

motion on October 28, 2014. (ECF No. 27.) Defendants were to respond to Plaintiff's discovery within thirty days of the resolution of Defendants' motion to dismiss. (*Id*.)

After the Court granted Defendants' motion to dismiss concerning claims against Wertz, Hazlet, Myers, the Bureau of Treatment Services of Religious Accommodations, Brittan, Eichenlaub, and Fisher, Mr. Nuñez was granted leave to file an amended complaint. (ECF No. 34.) On May 18, 2016, Mr. Nuñez filed his Amended Complaint. On July 8, 2016, Mr. Nuñez served a "Request of Admissions Directed to Michael Klopotoski". (ECF No. 52.) On July 21, 2016, Defendants filed a motion to dismiss the amended Complaint. (ECF No. 47.) Defendants subsequently sought a third stay of discovery until their motion to dismiss was resolved. (ECF No. 51.) Prior to the Court addressing Defendants' third motion to stay discovery, Mr. Nuñez filed motions to compel Defendant Klopotoski to respond to his properly served request for admissions "and interrogatories" and answers to interrogatories and document requests served on Defendants Wertz, Hazlett, Fisher, Britton and Eichenlaub. (ECF Nos. 59 and 60.) Plaintiff also sought sanctions against the Defendants for their failure to respond to his discovery. (*Id*.) On August 23, 2016, the Court denied both motions to compel pending resolution of the third motion to stay discovery. (ECF No. 61.) On August 9, 2017, the Court granted Defendants' third motion to stay discovery and directed "Defendants shall respond to Plaintiff's discovery requests within thirty (30) days of the date the Court resolves the pending motion to dismiss." (ECF No. 77.)

On September 5, 2017, the Court granted in part, and denied in part, Defendants' motion to dismiss the Amended Complaint. The Court lifted the stay of discovery and directed Defendants respond to Plaintiff's pending discovery requests within thirty days.

(ECF No. 81.) On October 6, 2017, defense counsel served Mr. Nuñez with Defendant Wertz's interrogatory responses and noted that discovery posed to dismissed Defendants would not be answered. (ECF No. 98, p. 2.) On October 23, 2017, Mr. Nuñez filed his motion to compel Defendant Klopotoski's responses to his request for admissions and first set of interrogatories.
(ECF No. 91 and 95.)

IV.   **Discussion**

As to Defendant Klopotoski's request for admissions, it appears defense counsel misspoke when stating that "[t]he first time [she] saw the discovery requests for Defendant Klopotoski was when the motion to compel was filed" as they were in fact the basis of Defendants' third motion to stay discovery. (*Compare* ECF No.52, p. 2 and ECF No. 98, p. 2.) Yet, with that said, the same cannot be determined with respect to Defendant Klopotoski's first set of interrogatories. Defense counsel did not mention this request in Defendants' motion to stay. Regardless, when alerted to the outstanding discovery obligations, defense counsel indicated that Defendant Klopotoski would promptly provide the responses without the requirement of an order to compel. If *pro se* litigants were required to comply with Local Rule 26.3, which directs parties to attempt to resolve discovery disputes amongst themselves prior to seeking the Court's intervention, this matter could have been resolved without court intervention; however, that is not the case.

Mr. Nuñez does not present any evidence to suggest counsel's oversight was intentional or designed to stonewall Plaintiff's discovery efforts. He also fails to identify

any harm incurred because of this discovery dispute given defense counsel's agreement to provide him with discovery responses by November 22, 2017. Accordingly, as long as Mr. Nunez was provided with the outstanding discovery responses by November 22, 2017, his motion to compel and for the imposition of sanctions will be denied.

An appropriate order follows.


**Dated: May 4, 2018**             /s/ A. Richard Caputo
                                                   **A. RICHARD CAPUTO**
                                                   **United States District Judge**